UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY JAMA HALL,

Plaintiff,

v.

BERRERA, *et al.*,

Defendants.

Case No. 2:26-cv-2919-DAD-JDP (PS)

ORDER

Plaintiff Anthony Jama Hall brings this action against Sacramento Sherrif's Deputy Berrera and the County of Sacramento. I will dismiss the complaint for failure to state a claim and grant his application to proceed *in forma pauperis*.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that he was recording a criminal proceeding in the Sacramento Superior Courthouse. ECF No. 1 at 2. Defendant Berrera, a courtroom bailiff, approached plaintiff and demanded that plaintiff turn over the recording equipment. *Id.* at 3. Plaintiff states that he handed over the recording equipment, and then Berrera searched and arrested him without probable cause. *Id.* Plaintiff submitted a grievance concerning the incident to the Sacramento County Sheriff's Department and the Sacramento County District Attorney's Office. *Id.* The District Attorney declined to prosecute Berrera, however. *Id.* Plaintiff further alleges that the City of Sacramento has an official policy and longstanding practice or custom of violating constitutional rights. *Id.* He specifically alleges that the Sheriff's Department has "been involved in lawsuits, governmental claims, complaints, judicial proceedings, and other matters concerning

conduct relevant to constitutional issues presented by this action." *Id.* at 14.

Plaintiff brings First and Fourth Amendment claims against Berrera, a *Monell* claim against Sacramento, and state law claims (false arrest, false imprisonment, conversion, wrongful interference with personal property, negligence, intentional infliction of emotional distress, and recovery of specifically identifiable property) against both defendants.

Plaintiff's complaint suffers from both technical and substantive deficiencies. The court will address each deficiency in turn. Plaintiff should take care to address each deficiency if he chooses to amend his complaint.

Notwithstanding its simple allegations, plaintiff's complaint runs 49 pages. All complaints, even those filed pro se, must adhere to pleading requirements delineated by Rule 8. *See McHenry v. Renne*, 84 F.3d 1172, 1178-79 (9th Cir. 1996) (concluding that a court may dismiss a pro se litigant's complaint for noncompliance with Rule 8); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure."). Compliance with Rule 8 requires "a short and plain statement showing that the pleader is entitled to relief," *see* Fed. R. Civ. P. 8(a)(2), and each allegation "must be simple, concise, and direct," *see* Fed. R. Civ. P. 8(d)(1). Courts have described the Rule 8 standard as the "fair-notice" standard, which requires that a pleading "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atl. Corp.*, 550 U.S. at 555.

Turning to the substance of plaintiff's allegations, the court takes judicial notice of California Rules of Court Rule 1.150. That rule states that, "[e]xcept as provided in this rule, court proceedings may not be photographed, recorded, or broadcast." Rule 1.150(c). Moreover, with respect to personal recording devices, the Rule states that "[t]he judge may permit inconspicuous personal recording devices to be used by persons in a courtroom to make sound recordings as personal notes of the proceedings. A person proposing to use a recording device must obtain advance permission from the judge. The recordings must not be used for any purpose other than as personal notes." Rule 1.150(d).

Plaintiff alleges that he was recording a criminal proceeding before defendant Berrera

stopped him. Plaintiff, however, does not allege that he had "advance[d] permission from the judge" to record and that he was recording only for personal notes. Therefore, it is likely that plaintiff's actions violated the California Rules of Court. *See People v. Brown*, No. B248333, 2014 WL 3895561, at *3 (Cal. Ct. App. Aug. 11, 2014). Because plaintiff's Fourth Amendment claims are reliant on his search and arrest being unlawful search and arrest, his claims fail.

The Fourth Amendment prohibits "unreasonable searches and seizures" by government officials. U.S. Const. amend. IV. A warrantless search is presumptively unreasonable, but valid consent is an exception to the warrant requirement. *United States v. Enslin*, 327 F.3d 788, 793 (9th Cir. 2003). Here, plaintiff alleges that Berrera "demanded possession of [his] recording equipment and that [he] relinquished possession." ECF No. 1 at 3. Therefore, it appears that plaintiff voluntarily consented to the search and seizure of his recording equipment. Plaintiff also alleges that Berrera searched his backpack, but at the same time, plaintiff alleges that he was arrested. *Id.* at 3. "A search incident to a lawful arrest is an exception to the general rule that warrantless searches violate the Fourth Amendment." *Arizona v. Gant*, 556 U.S. 332, 338 (2009). Accordingly, plaintiff's Fourth Amendment claims fail.

Plaintiff's First Amendment claim also fails. "The press does enjoy a constitutional interest in access to our criminal courts and criminal justice process." *Radio & Television News Ass'n of S. California v. U.S. Dist. Ct. for Cent. Dist. of California*, 781 F.2d 1443, 1446 (9th Cir. 1986). However, the Supreme Court has "described that right only as a right to sit, listen, watch, and report." *Id.* (citing *KPNX Broadcasting Co. v. Superior Court*, 139 Ariz. 246, 678 P.2d 431, 441 (1984)). Accordingly, the First Amendment does not create a right to video record court proceedings. Here, plaintiff alleges that he was only interrupted from observing the criminal proceeding by Berrera *after* he was recording the proceeding. Accordingly, plaintiff's claim that he was prohibited from observing the proceeding fails.

Plaintiff's *Monell* claim against Sacramento fails as well. 42 U.S.C. § 1983 allows a private citizen to sue for the deprivation of a constitutional right. 42 U.S.C. § 1983; *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 916 (2017). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must

show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). A person deprives another of a constitutional right "'if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Here, plaintiff's claim fails at step one as he has not alleged a constitutional violation.

Finally, because I find that plaintiff has not sufficiently alleged a federal claim, I will decline to exercise supplemental jurisdiction over plaintiff's state law claims at this time.

Accordingly, the complaint will be dismissed with leave to amend. Plaintiff may file an amended complaint, but it must be no longer than 20 pages. Any amended complaint will entirely supersede the initial one and must be complete in itself. It should be titled "First Amended Complaint" and be filed within fourteen days of this order's entry.

Accordingly, it is ORDERED that:

1. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

2. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

3. Within fourteen days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

4. Failure to timely file either an amended complaint or notice of voluntary dismissal will result in a recommendation that this action be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated: October 14, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE